UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
CYNTHIA WASHINGTON, *et al.*,      :
                                    :
        Plaintiffs                  :
                                    :    No. 1:07cv1031 (RMU)
    v.                              :
                                    :
DISTRICT OF COLUMBIA, *et al.*,    :
                                    :
        Defendants.                 :
_____:

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants' Motion to Dismiss should be granted for the reasons set forth herein and in this reply. Plaintiffs' complaint fails to set forth plausible claims that would entitle them to the relief they seek. *Bell Atlantic Corp. v. Twombly*, 2007 U.S. LEXIS 5901 (Decided May 21, 2007).

**ARGUMENT**

**I.    Count I Should Be Dismissed Because A Violation of Personnel Regulations Or A Collective Bargaining Agreement Does Not Establish A Deprivation Of Constitutional Due Process Under The Fifth Amendment.**

First, Plaintiffs argue that the Defendants' motion to dismiss should be denied because the Defendants rely on *Brandon v. District of Columbia*, 823 F.2d 644, 649 (D.C.Cir. 1987), *Beo v. District of Columbia*, 44 F.3d 1026 (D.C. 1995), *Ellis, v. District of Columbia,* 84 F.3d 1413, 1421 (D.C. Cir. 1996), all of which concern prison regulations. Thus, the Plaintiffs argue that because the Court in those cases found that the plaintiffs had no liberty interest grounded on prison regulations, the plaintiffs' right had not been constitutionally violated. Pls' Opp. at 25-26. Plaintiffs attempt to distinguish those case from the instant case on the bases that in those cases

the respective courts found that there was not liberty interest in prison regulations at issue. While the Defendants recognize that the *Brandon*, *Ellis* and *Beo* cases do concern inmates, the Plaintiffs understanding of these Defendants' reliance on theses cases is misplaced. The Defendants' cite to *Brandon*, *Ellis* and *Beo* for the legal proposition that a violation of an agency's or municipality's regulations does not constitute a constitutional violation such that federal court involvement is required. Plaintiffs in their opposition do not address this legal proposition.

In addition to the *Brandon*, *Ellis* and *Beo* cases, the Defendants also cite to the Honorable Royce C. Lamberth's decision in *Johnson v. District of Columbia,* 2007 U.S. Dist. LEXIS 53338. In *Johnson*, a case similar to the this case, Judge Lamberth dismissed plaintiff's due process violation and common law claims for failing to exhaust administrative remedies under the Comprehensive Merit Personnel Act (CMPA) and Collective Bargaining Agreement (CBA). *Id.* In this case, Plaintiffs are asking this court to make the federal government the enforcer of state law. This position has been rejected by the Court in the *Ellis* case. *Ellis, v. District of Columbia,* 84 F.3d at 1421 (D.C. Cir. 1996).

The Defendants' alleged violation of the District's own personnel regulations or the collective bargaining agreement between the District and the Plaintiffs' union does not establish a deprivation of constitutional due process. For the reasons, set forth in the Defendants' motion to dismiss and set forth herein the Defendants' motion should be granted.

**II.     The Amended Complaint Should Be Dismissed Because Plaintiffs' Exclusive Remedy Is Through The Comprehensive Merit Personnel Act (CMPA) And The CBA.**

Plaintiffs argue that the Defendants' motion to dismiss should be denied because the Comprehensive Merit Personnel Act (CMPA) is not Plaintiffs' exclusive remedy to redress the alleged wrongs complained of in the amended complaint. The Plaintiffs argue that since they

are alleging a constitutional violation exhaustion of administrative remedies is not required. Pls' Opp at 27-28. In support of this argument, Plaintiffs' rely on *Roache v. District of Columbia*, 654 A.2d 1283 (D.C. App. 1995). Plaintiffs' reliance on Roach is misplaced. In *Roach*, plaintiff brought suit pursuant to 42 U.S.C. § 1983, against the District for race discrimination. The issue in *Roach* was whether plaintiff had to first exhaust administrative remedies, as would be required under the DC Human Rights Act, before bringing suit pursuant to § 1983. There the Court held that exhaustion of administrative remedies was not required. *Id*.

This case is distinguishable from *Roach*. Here, Plaintiffs are alleging a violation of their constitutional right based on alleged violation of Plaintiffs' employment rights under the CMPA. The D.C. Circuit has held that "when an alleged constitutional violation 'is intertwined with a statutory one, and [the legislature] has provided the machinery for the resolution of the latter,' the plaintiff must exhaust [] administrative remedies before a district court may hear [the] case." *Nat. Treasury Employees Union v. King*, 295 U.S. App. D.C. 153, 961 F.2d 240, 243 (D.C. Cir. 1992) (quoting *Steadman*, 918 F.2d at 963); *Johnson v. District of Columbia,* 338 F. Supp. 2d, 30, 38-46 (D. D. C. March 21, 2005).

Even if there is a question of whether the CMPA controls this action, under the doctrine of "primary jurisdiction" the D C. Office of Employee Appeals (OEA) must first determine whether it has authority to redress Plaintiffs' claims. In this case, there is no dispute as to this issue. Plaintiffs' allege that after the adverse action was taken against them an Administrative Law Judge found that the summary removals could not be sustained. Further, it is undisputed that Plaintiffs have all been re-instated with back pay. However, Plaintiffs are now going through a second round of hearings pursuant to CMPA. Nowhere in the amended complaint do Plaintiffs allege that OEA had declined jurisdiction over Plaintiffs' claims. To the contrary,

Plaintiffs have chosen to appeal their proposed terminations through the first step of the administrative process to the hearing officer and cannot simultaneously skip the administrative process and file a complaint in this court. This lawsuit is premature as Plaintiffs have failed to complete the administrative process. In fact, the hearing officer could rule in Plaintiffs' favor and order reinstatement. If the hearing officer's decision is unfavorable, Plaintiffs could then continue with the administrative process or litigate the matter in the Superior Court.

The exclusivity of the CMPA also applies to Plaintiffs' defamation claim. The District of Columbia Court of Appeals reaffirmed this in *Lattisaw, et al. v. District of Columbia*, 905 A.2d 790 (D.C. App. 2006).(Upholding the dismissal of plaintiff's defamation claim for failing to exhaust administrative remedies under the CMPA). Thus, the CMPA is Plaintiffs' exclusive remedy and, therefore, the Defendants' motion to dismiss should be granted.

**III.     The Plaintiffs' Claim Pursuant To 42 U.S.C § 1983 Fails.**

    A.  <u>The District Cannot Be Held Liable Under 42 U.S.C. § 1983</u>

Plaintiffs argue that the defendants' motion to dismiss as it relates to §1983 should be denied because the "Defendants have repeatedly distorted the personnel regulation and manipulated established procedures …" Pls' Opp. at 30. This argument fails because as explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the Plaintiffs' constitutional claims only if the Plaintiffs allege facts that indicate their injury was caused by a policy or custom of the District. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

4

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824.

Plaintiffs are not alleging that a custom or policy caused them harm. Plaintiffs merely allege that District employees have distorted the personnel regulations. Even, if true, distortion of a personnel regulation does not amount to an unconstitutional policy or custom. Thus, since Plaintiffs have failed to allege and identify an unconstitutional policy or custom, the District cannot be held liable under §1983 and, therefore, the Defendants' motion to dismiss should be granted.

As to the individual Defendants, Plaintiffs only argue that they "intend to name Director Devon Brown as a defendant in his individual capacity." Pls' Opp. at 30. Whatever Plaintiffs' future intentions are is irrelevant because as the case now stands Plaintiffs have not named Mr. Brown or any other person as a defendant in their individual capacity. For these reasons, Plaintiffs' amended complaint as to Director Devon Brown, Warden Stanley Waldren and Hearing Officer Dr. Henry Lesansky should be granted.

**IV.     Plaintiffs' Common Law Claims For Defamation (Count II) And Intentional And Negligent Infliction Of Emotional Distress (Count III) Should Be Dismissed Because Plaintiffs Have Failed To Give Notice Of These Claims To The Mayor As Required By DC Code § 12-309.**

Plaintiffs argue that they have complied with D.C. Code §12-309 because that allegedly gave notice of their claim on August 24, 2007. Pls' Opp. at 31-32. However, in the amended complaint Plaintiffs specifically allege that on June 6, 2006, Director Brown made defamatory statements to the Washington Times and on July 26, 2006 he made defamatory statements during the Mayor's Weekly Press Briefing. Amended Complaint ¶¶ 9-11. Therefore, even if Plaintiffs

5

did given notice on August 24, 2007, the notice is well beyond the six-month notice period as set forth in §12-309.

**V.      Plaintiffs' Claim For Defamation Arising Out Of The June 6, 2006 Alleged Statement Made By Director Brown To The Washington Times Is Barred By The One-Year Statute Of Limitations.**

Further, Plaintiffs argue that their defamation claim is not time barred because their claim "does not rest solely on the June 6, 2006 statement" and, because "Defendant Brown and others have repeatedly made defamatory statement." Pls' Opp. at 32.   However, nowhere in the amendment complaint or in their opposition do the Plaintiffs identify what other alleged defamatory statements were made and when these alleged defamatory statements were made. Thus, based on the allegations as set forth in the amended complaint it is clear that Plaintiffs claims are barred by the one year statute of limitations.

Even if Plaintiffs have complied with §12-309 and their claims were not barred by the one year statute of limitations, Plaintiff's defamation and intentional infliction of emotional distress claim should still be dismissed because the CMPA is the exclusive remedy even for these claims. *Lattisaw, supra*

## CONCLUSION

The defendants motion to dismiss should be granted for the reasons set forth in their motion to dismiss and set forth herein.

WHEREFORE, Defendants respectfully move this Court to their motion.

>                        Respectfully submitted,
>
>                        LINDA SINGER
>                        Attorney General for the
>                        District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/NICOLE L. LYNCH/s/
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov