UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WASHINGTON, *et al.*, | : |
| Plaintiffs | : |
| v. | : No. 1:07cv1031 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs seek an order from this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 (a), declaring that they were "(1) wrongfully denied their jobs by the Defendants when the Office of Administrative Hearing Judges' recommendations were not implemented and (2) entitled to be reinstated unconditionally to their positions with back pay." Pls' Mo. Partial Sum Jud. at 17.  Further, Plaintiffs seek an order from this Court enjoining the "Defendants from pursuing any further discipline related to the jail escape matter, including termination." *Id.*

For the reasons set forth below, Plaintiffs' motion for partial summary judgment should be denied.

**I.      Declaratory Judgment Should Be Denied Because This Court Lacks Subject Matter Jurisdiction.**

The Declaratory Judgment Act, provides that: "In a case of actual controversy …any court … may declare the rights and other legal relations of any interested party seeking such declaration …" 28 U.S.C. §2201 (a).  It is well recognized that the Declaratory Judgment Act "is not an independent source of federal jurisdiction." *C&E Services Inc. of Washington v.*

*District of Columbia Water and Sewer Authority*, 310 F.3d 197, 201-202 (D.C. Cir. 2002) (quoting *Schilling v. Rogers*, 363 U.S. 666, 667 (1960)); *Cok v. Forte*, 877 F. Supp 797 (D.R.I. 1995) affirmed 69 F.3d 531 (1st Cir. 1995) (Declaratory Judgment Act does not in itself provide subject matter jurisdiction but simply provides remedy for disputes already within realm of federal jurisdiction.); *Ryan v. U.S.*, 360 F. Supp. 264, (E.D.N.Y. 1973 ) affirmed 478 F.2d 1397 (2d Cir, N.Y. 1973) (The Declaratory Judgment Act is not jurisdictional and claim must first be alleged separate and apart from declaratory suit upon which subject matter is established). Thus, in order for this Court to entertain Plaintiffs' motion for summary judgment, the Court must first determine if it has jurisdiction.

Plaintiffs are alleging a violation of their constitutional right based on alleged violation of Plaintiffs' employment rights under the District of Columbia's Comprehensive Merit Personnel Act (CMPA), D.C. Code § 1-616.51 *et seq*. The D.C. Circuit has held that "when an alleged constitutional violation 'is intertwined with a statutory one, and [the legislature] has provided the machinery for the resolution of the latter,' the plaintiff must exhaust [] administrative remedies before a district court may hear [the] case." *Nat. Treasury Employees Union v. King*, 295 U.S. App. D.C. 153, 961 F.2d 240, 243 (D.C. Cir. 1992) (quoting *Steadman*, 918 F.2d at 963); *Johnson v. District of Columbia, et al.,* 338 F. Supp. 2d, 30, 38-46 (D. D. C. March 21, 2005). The D.C. Court of Appeals has held that the CMPA is "the exclusive remedy for a District employees who has a work related complaint of any kind." *Robinson v. District of Columbia,* 748 A.2d 409, 411 (D.C. 2000). The exclusivity of the CMPA also applies to Plaintiffs' defamation claim. The District of Columbia Court of Appeals reaffirmed this in *Lattisaw, et al. v. District of Columbia*, 905 A.2d 790 (D.C. App. 2006) (Upholding the dismissal of plaintiff's defamation claim for failing to exhaust administrative remedies under the CMPA). Thus, the

2

CMPA is Plaintiffs' exclusive remedy and, therefore, the Defendants' motion to dismiss should be granted.

It is clear from the amended complaint that Plaintiffs are challenging the District's right to proceed with disciplinary proceeding pursuant to local law.  Here, plaintiffs challenge DOC's failure to reinstate them as corrections officers.  "Such a question is not one of constitutional import; it is a question of state law and its resolution is best left to the local courts." *American Tower v. Williams*, 146 F. Supp. 2d 27, 31 (D.D.C. 2001), *aff'd without opinion*, 50 Fed. Appx. 448 (D.C. Cir. 2002).   What Plaintiffs claim as a breach of their constitutional rights is nothing more than an attempt to enforce an administrative order.  This challenge by Plaintiffs is not of constitutional magnitude requiring the involvement of federal courts but rather is an issue left squarely up to local law and local courts.  Plaintiffs' claims are essentially "state law claim[s] in federal garb." *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000).

In *Younger v. Harris,* the Supreme Court articulated a doctrine based on principles of comity and federalism. *See Younger v. Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971). The Court defined this notion of "federalism" as:

> [A] system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

The Court employs a three-prong test to determine if *Younger* applies to a particular case: 1) is there an ongoing state proceeding; 2) are there important state interests; and 3) is there an adequate opportunity for plaintiff to raise federal claims.  *See Ford v. Tait*, 163 F.Supp. 2d 57, 64-66 (D.C. 2001).  Applying these principles to the instant case, the Court should deny Plaintiffs' motion for lack of subject matter jurisdiction.

First, there is an ongoing state proceeding pursuant to the CMPA. Plaintiffs received a second notice of termination on March 15, 2007. Pls' Mo. Partial Sum. Jud. Exhs 28-37, (Document 18-30 through 18- 38). Plaintiffs have acknowledged they are currently challenging the second notice of proposed termination through the grievance process pursuant to the CMPA. First Amended Complaint. That process has not been completed as the hearing officer has not yet issued a decision and Plaintiffs have to not exhausted the appeal process with the Office of Employee Appeals.

Second, Plaintiffs' challenge to the second notice of termination does raise important state interest. Plaintiffs' have alleged that under the CMPA they could not have been issued a second notice of termination. Whether the second notice of termination violates the CMPA must be decided by the Office of Employee Appeals (OEA), pursuant D.C. Code §1-606. 03, which gives OEA jurisdiction to hear Plaintiff's grievances. If Plaintiffs are dissatisfied with the out come of the administrative process decision they can raise their claims in D.C. Superior Court, pursuant to D.C. Code § 1-606.03(d). §1-606.03(d) provides:

> Any employee or agency may appeal the decision of the Office [of Employee Appeals] to the Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, or take any other appropriate action the Court may deem necessary.

D.C. Code § 1-606.03(d).

Since Plaintiffs' claims of a violation of local law do not rise to the level of a constitutional violation this Court lacks jurisdiction over Plaintiffs' complaint for declaratory judgment.

Lastly, Plaintiffs do not have a federal claim   Plaintiffs claims, if any, must be brought through the administrative process.  The CMPA will governs the administrative process and Plaintiffs are fully participating in that process.

**II.     Equitable Relief Should Be Denied On The Merits**.

In order to obtain injunctive relief, Plaintiffs must satisfy *each* prong of the following four-part test: (1) a substantial likelihood of success on the merits; (2) that they would suffer irreparable harm if the relief is denied; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *Mova Pharm. Corp. v. Shalala*, 140 F. 3d 1060, 1066 (D.C. Cir. 1998); *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 104 U.S. App. D.C. 106, 110, 259 F.2d 921, 925 (1958).

Given this request for relief, Plaintiffs are not likely to succeed on the merits, are not going to experience irreparable injury, would impose more harm on the District, and would substantially impair the public interest in the administration of District personnel regulations.

**A.     There is no substantial Likelihood that Plaintiffs will prevail on the Merits.**

The Defendants have filed a motion to dismiss and a reply.  In those filings the Defendants set forth the legal argument as to why the amended complaint should be dismissed. Essentially, Defendants have argued that Plaintiffs' exclusive remedy is through the administrative process as set forth in the CMPA.  Since this argument has been fully brief, the Defendants incorporate those argument herein by reference and rely on those arguments to show that there is no substantial likelihood that Plaintiffs will prevail on the merits in this federal case.

### B. Plaintiffs Will Not Experience Irreparable Injury In The Absence Of A Temporary Restraining Order.

Plaintiff must show that he will suffer irreparable harm if injunctive relief is not granted. An essential prerequisite to injunctive relief is a sufficient showing by the Plaintiffs that they will suffer irreparable harm if the injunctive relief is not granted. *See, e.g., Davenport v. International Brotherhood of Teamsters,* 334 U.S. App. D.C. 228; 166 F.3d 356, 360 (D.C. Cir. 1999). *See also Sampson v. Murray*, 415 U.S. 61, 88–90 (1974).

> Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur. The movant must provide proof . . . indicating that the harm is certain to occur in the near future.

*Wisconsin Gas v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).

The need for specificity in allegations of irreparable injury is heightened in this case because Plaintiffs' claims are directly analogous to those made, and rejected, in *Sampson v. Murray*, 415 U.S. 61, 88–90 (1974). In *Sampson*, the federal government informed the plaintiff that she would be fired. She sought a temporary restraining order alleging that the applicable civil service regulations had not been followed. As the Supreme Court summarized the allegations:

> Her complaint alleged that the agency had failed to follow the appropriate Civil Service regulations, alleged that her prospective discharge would deprive her of income and cause her to suffer the embarrassment of being wrongfully discharged, and requested a temporary restraining order and interim injunctive relief against her removal from employment pending agency determination of her appeal.

*Sampson*, 415 U.S. at 67.

The district court granted the requested injunctive relief. On review, the Supreme Court reversed. When the Court reached the issue of irreparable injury, it explained: "The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time

6

and energy necessarily expended in the absence of a stay, are not enough." *Sampson*, 415 U.S. at 91. Money damages alone do not constitute irreparable injury:

> Assuming for the purpose of discussion that respondent had made a satisfactory showing of loss of income and had supported the claim that her reputation would be damaged as a result of the challenged agency action, we think the showing falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case.

*Sampson*, 415 U.S. at 91-92. Thus, even if Plaintiff could show (a) loss of income stemming from the procedural default alleged and (b) the claimed damage to his reputation stemming from the alleged procedural default, such a showing would fall "far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." *Id.*

Plaintiffs in this case have not made the showing of irreparable injury demanded by *Sampson*. In *Sampson*, the plaintiff had been terminated and therefore, would lose substantially more income than Plaintiffs in this case who are on administrative leave with pay. Even in *Sampson*, the Court found that the loss of income from being terminated did not show the necessary "irreparable harm" required for a temporary injunction.

The facts of this case are stronger than the facts in *Sampson*. Here, Plaintiffs have been reinstated with back pay. Upon reinstated they were placed on administrative leave *with pay*. (emphasis added). Thus, Plaintiff are not suffering any economic hardship but simply have not been allowed to work at the DC Jail.

Second, Plaintiffs' mental injury claim suffers from the same lack of specificity. Again, Plaintiffs offer no facts in support of this allegation and asks this Court to issue extraordinary injunctive based on speculation about the seriousness and causation of such alleged

7

mental injury. Plaintiffs fail to make any showing of irreparable harm and therefore their motion for extraordinary injunctive relief should be denied.

### 3. The Balance Of Harms Favors Defendants.

Defendant will experience substantial harm if this Court enters the requested relief. If the Court were to issue the injunction, it would vest administration of at least this personnel issue with this Court rather than the D.C. Office of Employee Appeals. That alone is a significant blow to the public interest. The Court undoubtly does not want to become involved in the daily administration of the District's personnel regulations. Issuing Plaintiffs' injunction would open the flood gates to any District employee who has been disciplined their respective agency to run to the Court for an injunction preventing the agency from taking disciplinary action against them when the employee already has avenues available to him or her to dispute the proposed action. The Court interference into the daily personnel decisions of an agency would severely handicap the agency in performing its functions.

### 4. The Public Interest Favors Denial Of The Proposed Injunctive Relief.

The Supreme Court and many lower courts have recognized the "obviously disruptive" effects of extraordinary injunctive relief upon the administration of government. *Sampson*, 415 U.S. at 84; *Sebra v. Neville*, 801 F.2d 1135, 1139 (9th Cir. 1986); *Cunningham v. Loy*, 24 F. Supp. 2d 236 (D. Conn., 1998); *Garman v. United States Postal Service*, 509 F. Supp. 507 (N.D. Ind. 1981); *Baker v. School Board*, 487 F. Supp. 380 (M.D. Fla., 1980)(suspended teachers); *Fuentes v. Roher*, 395 F. Supp. 1225 (S.D.N.Y., 1975). Moreover, the public interest is advanced whenever the administrative process is completed. *District of Columbia v. Greene*, 806 A.2d 216 (D.C. 2002)(mandamus issued to protect administrative proceedings before the Contract Appeals Board).

## IV.  CONCLUSION

The Court should deny the requested declaratory judgment and equitable relief for the reasons stated herein.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the
    District of Columbia

    GEORGE VALENTINE
    Deputy Attorney General
    Civil Litigation Division


    /s/NICOLE L. LYNCH/s/
    NICOLE L. LYNCH [471953]
    Chief Civil Litigation Division Section II

    /s/David A. Jackson/s/
    DAVID A. JACKSON [471535]
    Assistant Attorney General
    Office of the Attorney General
    441 Fourth Street, NW, 6 South
    Washington, D.C.  20001
    Direct Line: (202) 724-6618
    Facsimile: (202) 727-3625
    E-mail:  davida.jackson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WASHINGTON, *et al.*, : | |
| Plaintiffs : | |
| : | No. 1:07cv1031 (RMU) |
| v. : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| Defendants. : | |

DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants hereby object to Plaintiffs' statement of undisputed material facts as follows:

1. Denied.

2. Denied.

3. Admit.

4. Admit.\

5. Admit.

6. Denied.

7. Denied.

8. Admit.

9. Denied.

10. Admit.

11. Denied.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Deny.

                                          Respectfully submitted,

                                          LINDA SINGER
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/NICOLE L. LYNCH/s/_____
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov

11