UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CYNTHIA WASHINGTON, *et al.*,

    Plaintiffs

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

No. 1:07cv1031 (RMU)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants, by and through the Office of the Attorney General for the District of Columbia, hereby files their opposition to Plaintiffs' motion for leave to file second amended complaint. Plaintiffs' motion should be denied because the proposed second amended complaint would not withstand a motion to dismiss.

**ARGUMENT**

**1.  Plaintiffs' Motion For Leave To File Second Amended Complaint Should Be Denied Because Plaintiffs' Second Amended Complaint Could Not Withstand A Motion To Dismiss**

Under Rule 15 of the Federal Rule of Civil Procedure leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15 (a). "A motion to amend may be denied as "futile" if the proposed claim would not survive a motion to dismiss." *Johnson v. District of Columbia*, 2007 U.S. Dist. LEXIS 53338; *Bowie v. Gonzales*, 2006 U.S. Dist. LEXIS 26158 (complaint as amended could not withstand a motion to dismiss); *Graves v. United Sates of America,* 961 F.Supp. 314, 317 (D.D.C. 1997), *Glick v. Koenig,* 766 F.2d 265, 268-69 (8th Cir. 1985) (holding that the district court is justified in denying amendment of pleading if

proposed amendment would not withstand motion to dismiss), *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 650-651 (9th Cir. 1984) (district court properly denied leave to amend complaint where second amended complaint failed to state Section 1983 claim, thus failing to correct deficiencies of first amended complaint), see *Foman v. Davis*, 371 U.S. 172, 182 (1962) (enunciating general standard that motion for leave shall be freely given unless reason, such as "futility" is clear).

In this case, Plaintiff's motion to file second amend the complaint should be denied because their second amended complaint could not withstand a motion to dismiss. Plaintiffs' second amended complaint is essentially the same as the first amended. While the second amended complaint no longer sets forth claims against the DC Department of Corrections and no longer seeks declaratory judgment, it still set forth claims of alleged violations, pursuant to 42 U.S.C. § 1983, of Plaintiffs' due process rights (Count I), defamation plus (Count II), intentional and negligent infliction of emotional distress (Count III) and injunctive relief (Count IV). Plaintiffs' proposed second amended complaint is based on the same set of operative facts as the first amended complaint.

Pending before this court is the Defendants' motion to dismiss. In their motion the Defendants have set forth the legal bases as to why this case should be dismissed. Specifically, Defendants have raise the following arguments:

1. Count I Should Be Dismissed Because A Violation of Personnel Regulations Or A Collective Bargaining Agreement Does Not Establish A Deprivation Of Constitutional Due Process Under The Fifth Amendment.

2. The Amended Complaint Should Be Dismissed Because Plaintiffs' Exclusive Remedy Is Through The Comprehensive Merit Personnel Act (CMPA) And The Collective Bargaining Agreement.

3. The Plaintiffs' Claim Pursuant To 42 U.S.C § 1983 Fails Because Plaintiffs can not Establish An Unconstitutional Policy Or Custom By A District Policymaker.

4. Plaintiffs' Common Law Claims For Defamation (Count II) And Intentional And Negligent Infliction Of Emotional Distress (Count III) Should Be Dismissed Because Plaintiffs Have Failed To Give Notice Of These Claims To The Mayor As Required By DC Code § 12-309

5. Plaintiffs' Claim For Defamation Arising Out Of The June 6, 2006 Alleged Statement Made By Director Brown To The Washington Times Is Barred By The One-Year Statute Of Limitations.

6. Plaintiffs' Claim For Defamation Arising Out Of The June 6, 2006 Alleged Statement Made By Director Brown To The Washington Times Is Barred By The One-Year Statute Of Limitations.

7. Plaintiffs' Claim For Defamation Based On The July 26, 2006 Alleged Statement Made By Director Brown Should Be Dismissed Because Plaintiffs Have Not Alleged That The Statement Is False.

The Defendants incorporate herein by reference each of the arguments as set forth in their motion to dismiss, reply and opposition to Plaintiffs' motion for partial summary judgment, which is also pending before this Court.

Because Plaintiffs' second amended complaint would not withstand a motion to dismiss, Plaintiffs' motion for leave to file a second amended complaint should be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia


GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/NICOLE L. LYNCH/s/_____
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov