UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CYNTHIA WASHINGTON, *et al.*, : | |
| : | |
| Plaintiffs : | |
| : | No. 1:07cv1031 (RMU) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |

EMERGENCY MOTION OF DEFENDANTS DISTRICT OF COLUMBIA'S
AND HENRY R. LESANSKY'S TO QUASH SUPOENA AND DEPOSITION NOTICE

Defendants District of Columbia and Henry R. Lesansky, by and through the Office of the Attorney General for the District of Columbia, hereby move this Court pursuant to Fed. R. Civ. Pro. 26 (d) (1) and (f) , 30 (b), 45 (c) (3) (A) and LCvR 30.1 for an order quashing plaintiffs' subpoenas *duces tecum* and deposition notices served on Dr. Lesanky and Wanda Patton, an employee of the District, on January 7, 2008 for a deposition on January 10, 2008. In support of this motion the defendants state that plaintiffs' subpoenas and deposition notices were served in clear violation of the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the District of Columbia.

A memorandum of points and authorities in support of this motion is attached.

Counsel for plaintiffs did consent to this motion.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/NICOLE L. LYNCH/s/_____
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WASHINGTON, *et al.*, | : |
| Plaintiffs | : |
|  | : No. 1:07cv1031 (RMU) |
| v. | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY
MOTION OF DEFENDANTS DISTRICT OF COLUMBIA'S AND HENRY R. LESANSKY'S
TO QUASH SUPOENAS AND DEPOSITION NOTICES

**PRELIMINARY STATEMENT**

Plaintiffs have commenced this action for alleged violation of Plaintiffs' Fifth Amendment due process rights (Count I), defamation (Count II) and intentional and negligent infliction of emotional distress (Count III).

Pending before this Court are the defendants' motion to dismiss the complaint and plaintiffs' motion for preliminary injunction. On January 7, 2008, counsel for plaintiffs caused to be served on defendant Dr. Lesanksy and Ms. Patton, an employee of defendant District, subpoenas *duces tecum* and deposition notices. (Exhibits 1 and 2, respectively). The depositions notices state the depositions are to take place on January 10, 2008. Three (3) days notice of the deposition does not constitute reasonable notice and therefore, the subpoenas must be quashed. Additionally, plaintiffs may not engage in discovery without first seeking leave from this Court.

**1.     Plaintiffs have not given reasonable notice of depositions.**

The service of the subpoenas and deposition notices on three (3) days notice does not constitute reasonable notice as required by the civil procedure rules. Federal Rule of Civil Procedure 30 (b) (1) provides: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." In this jurisdiction, the local rules of the court state that "Service of a notice of deposition five days in advance of the date set for taking the deposition shall constitute "reasonable notice" to a party as required by Rule 30 (b)." LCvR 30.1. The local rule further states that Rule 6 governs the computation of the time such that five (50 business days is required at a minimum for reasonable notice. Additionally, Rule 45 (c) (3) (A) provides: "the issuing court *must quash* or modify a subpoena that: (i) fails to allow a reasonable time to comply." (Emphasis added). Thus Rule 45 compels this Court to quash the subpoenas in this case because plaintiffs have not given reasonable notice.

Here, on January 7, 2008 plaintiff served subpoenas and deposition notices on defendants and employees of the District. The deposition is scheduled to take place on January 10, 2008. Plaintiffs have not given the defendants reasonable notice of deposition, which are to take place in three days. The subpoenas in this case were issued in clear violation of the rules of civil procedure and, therefore, this motion must be granted.

**2.     Plaintiffs are not entitled to engage in discovery.**

Plaintiffs cannot engage in discovery because the parties have not conferred as required by Fed. R. Civ. P. 26 (d) (1). Federal Rule of Civil Procedure 26 (d) (1) provides that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26 (f)." In accordance with Rule 26 (f), "the parties must confer as soon as practicable-and in any

4

event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16 (b)."

Plaintiffs' attempt to engage in discovery also is a clear violation of Rule 26 (d) (1) and (f). The parties have not conferred as required under the rule and, a date for a scheduling conference has not been set. If plaintiffs want to engage in discovery before conferring, plaintiffs are required to first seek leave of the court before doing so. Fed. R. Civ. Pro. 26 (d) (1). Plaintiffs have not sought leave of the court to begin discovery and therefore, they may not do so. Further, even if leave of court were sought, it should be denied as the defendants have a pending motion to dismiss the complaint and, therefore, discovery is premature at this stage.

## CONCLUSION

Plaintiffs have chosen to willfully ignore and violate all relevant rules of civil procedure by serving subpoenas and deposition notices on the defendants. The service of subpoenas and deposition notices is a clear violation of the rules because plaintiffs did not give reasonable notice of the depositions and cannot engage in discovery at this point without first seeking leave of the court. For these reasons, the defendants move for an order quashing the subpoenas and deposition notices.

WHEREFORE, Defendants respectfully request that this Court grant the instant motion.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/NICOLE L. LYNCH/s/_____

        NICOLE L. LYNCH [471953]
        Chief Civil Litigation Division Section II

        /s/David A. Jackson/s/_____
        DAVID A. JACKSON [471535]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, NW, 6 South
        Washington, D.C.  20001
        Direct Line: (202) 724-6618
        Facsimile: (202) 727-3625
        E-mail:  davida.jackson@dc.gov

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Cynthia Washington, et al.,

V.

District of Columbia, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-01031 (RMU)

TO: Dr. Henry Lesansky

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| D.C. Department of Corrections 1923 Vermont Avenue, N.W. Washington, D.C. 20001 | 1/10/2008 11:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Notice of Deposition Duces Tecum and Attachment

| PLACE | DATE AND TIME |
|---|---|
| D.C. Department of Corrections 1923 Vermont Avenue, N.W. Washington, D.C. 20001 | 1/10/2008 11:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE 1/7/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Michael Hannon, Attorney for Plaintiffs
Hannon Law Group, LLP  1901 18th Street N.W.  Washington, D.C. 20009  202-232-1907

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CYNTHIA WASHINGTON, *et al.*,  :
                              Plaintiffs,  :    Case Number: 1:07-cv-01031 (RMU)

v.  :

DISTRICT OF COLUMBIA, *et al.*,  :
                              Defendants.  :

### NOTICE OF DEPOSITION DUCES TECUM

Please take notice that at the location, date and time set out below, counsel for Plaintiffs will take the deposition of the individual listed below for the purpose of discovery or use as evidence or both, before an officer authorized to administer oaths by the laws of the United States or before a person appointed by this Court, by stenographic means. Pursuant to the Federal Rules of Civil Procedure, the deponent shall produce the documents requested set forth in the attachment to this Notice entitled "Attachment."

    **PERSON TO BE DEPOSED:**    Henry Lesansky

    **LOCATION:**    DC Department of Corrections
                                   1923 Vermont Avenue, N.W.
                                   Washington D.C. 20001

    **DATE AND TIME:**    January 10, 2008
                                   11:00 AM

Dated January 7, 2008                    Respectfully submitted,


                                         HANNON LAW GROUP, LLP


                                         _____/s/ J. Michael Hannon_____
                                         J. Michael Hannon, #352526
                                         1901 18th Street, N.W.
                                         Washington, D.C. 20009
                                         (202) 745-6880
                                         (202) 232-3704 Facsimile
                                         jhannon@hannonlawgroup.com


## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that the foregoing **NOTICE OF DEPOSITION DUCES TECUM** was sent via first class mail this 7th day of January, 2008, to:

David Jackson, Esq.
Office of the Attorney General
441 Fourth Street, NW
6 South
Washington, DC 20001


                                         _____/s/ J. Michael Hannon_____
                                         J. Michael Hannon

2

# ATTACHMENT

The documents requested pertain to your involvement acting as Hearing Officer in the Jail Escape matter.

"Document" means any manner in which information is stored, communicated, or transmitted to include electronic communications. The term "Document" is to be given its broadest interpretation.

Please produce all documents reflecting:

1. Communications with others in the D.C. Government;

2. Remand Memoranda directing you to reconsider any decision;

3. Your notes;

4. Documents upon which you based your decision;

5. Email related to your work on this matter;

6. Your job description;

7. Rough drafts of any documents prepared by you;

8. Your appointment calendars for 2006 and 2007;

9. Your latest performance evaluation.

**EXHIBIT 2**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Cynthia Washington, et al.,

V.

District of Columbia, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-01031 (RMU)

TO: Wanda Patton

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  D.C. Department of Corrections  1923 Vermont Avenue, N.W.  Washington, D.C. 20001 | DATE AND TIME  1/10/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Notice of Deposition Duces Tecum and Attachment

| PLACE    D.C. Department of Corrections  1923 Vermont Avenue, N.W.  Washington, D.C. 20001 | DATE AND TIME  1/10/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 1/7/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Michael Hannon, Attorney for Plaintiffs
Hannon Law Group, LLP    1901 18th Street N.W.    Washington, D.C. 20009    202-232-1907

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CYNTHIA WASHINGTON, et al., :
:
:
        Plaintiffs, :   Case Number: 1:07-cv-01031 (RMU)
:
v. :
:
DISTRICT OF COLUMBIA, et al., :
:
        Defendants. :

## NOTICE OF DEPOSITION DUCES TECUM

Please take notice that at the location, date and time set out below, counsel for Plaintiffs will take the deposition of the individual listed below for the purpose of discovery or use as evidence or both, before an officer authorized to administer oaths by the laws of the United States or before a person appointed by this Court, by stenographic means. Pursuant to the Federal Rules of Civil Procedure, the deponent shall produce the documents requested set forth in the attachment to this Notice entitled "Attachment."

| | |
|---|---|
| **PERSON TO BE DEPOSED:** | Wanda Patton |
| **LOCATION:** | DC Department of Corrections<br>1923 Vermont Avenue, N.W.<br>Washington, D.C. 20001 |
| **DATE AND TIME:** | January 10, 2008<br>9:00 AM |

## ATTACHMENT

This request for document pertains to your work on the Internal Investigation of the Jail Escape.

"Document" means any manner in which information is stored, communicated, or transmitted to include electronic communications. The term "Document" is to be given its broadest interpretation.

Please produce all documents reflecting:

1. Dates upon which you provided information from the investigation to Director Devon Brown;

2. Dates upon which you provided Director Brown with the Internal Investigation Report or any prior drafts or versions;

3. All drafts of the Internal Investigation Report;

4. All communications between the Office of Internal Affairs and Neal Gross Reporting Company regarding the request for, preparation of, transmittal of, and payment for transcripts of the oral interviews conducted in your investigation;

5. The delivery to you or anyone else in your Office of the transcripts prepared of the oral interviews in the Jail Escape matter;

6. The custodians of all copies of the Investigative Report;

7. The delivery of the Investigative Report or any prior drafts of versions to anyone outside the Office of Internal Affairs.

Dated January 7, 2008                                Respectfully submitted,

HANNON LAW GROUP, LLP

_____/s/ J. Michael Hannon_____
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, D.C. 20009
(202) 745-6880
(202) 232-3704 Facsimile
jhannon@hannonlawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing NOTICE OF DEPOSITION DUCES TECUM was sent via first class mail this 7th day of January, 2008, to:

David Jackson, Esq.
Office of the Attorney General
441 Fourth Street, NW
6 South
Washington, DC 20001

_____/s/ J. Michael Hannon_____
J. Michael Hannon