UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WASHINGTON, *et al.*, : | |
| : | |
| Plaintiffs : | |
| : | No. 1:07cv1031 (RMU) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |

**SUPPLEMEMNTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants, by and through counsel, hereby submit this supplemental memorandum of points and authorities in opposition to Plaintiffs' Motion for a Preliminary Injunction.  The purpose of this filing is to correct factual misstates relative to the plaintiffs' status of the administrative termination procedures that was stated in the defendants' opposition .  This filing does not change the legal arguments asserted by the defendants but rather strengthens those arguments.  It is clear from the facts set forth herein that this Court lacks jurisdiction over this labor dispute, there is a strong likelihood that plaintiffs will not prevail on the merits because their due process rights have not been violated and plaintiffs will not suffer irreparable harm.

**SUPPLEMENTAL STATEMENT OF FACTS**

On December 14, 2007, the District of Columbia Department of Corrections (DCDOC) issued final notices of termination to plaintiffs.  The notices indicated that the terminations would be effective December 17, 2007.  After the final notices were issued, the employees filed

a motion for a temporary restraining order and for a preliminary injunction. DCDOC agreed to stay the terminations pending this Court's ruling on plaintiffs' motion.

The terminations at issue have a complicated procedural history that commenced with the summary removals of plaintiffs on July 26, 2006. The written summary removal notices, issued in late August 2006, apprised plaintiffs of their right to an administrative review by a Hearing Officer chosen by the DOC Director. Consistent with the District Personnel Manual, an administrative review of the decision was conducted. The purpose of the administrative review was to review the notice of proposed removal action, review the employee's response to the proposed action, if there is one; and as required, conduct an adversary hearing. After conducting the administrative review, the Hearing Officer submits a written report and *recommendation* to the deciding official (in this instance the Director of DOC), and provides a copy to the employee. Once the deciding official receives the Hearing Officer's recommendation he/she must act upon the disciplinary action.

The DOC Director Brown designated the Office of Administrative Hearings (OAH) to perform the administrative reviews. Although OAH assigned Administrative Law Judges as the Hearing Officer to conduct the administrative reviews, that fact did not change or otherwise convert the administrative review into a post termination hearing since, in fact, no final notices of termination were issued at that point. Once the terminations become effective, plaintiffs will have the right to appeal the final decisions as provided by the Comprehensive Merit Personnel Act (CMPA) and the applicable provision of the collective bargaining agreement (CBA) between the Fraternal Order of Police and the DOC.

Final notices were never issued on the July 26, 2006 summary removals since in March 2007, DOC rescinded and cancelled the July 26, 2006, summary removal actions, reinstated

plaintiffs with back pay to the effective date of summary removals and, on the same day the plaintiffs were reinstated, proposed new non-summary terminations based on the same specifications or charges that were the initial basis for the summary removals.  Director Brown assigned a new Hearing Officer to conduct the administrative reviews of these non-summary terminations.  The Hearing Officer conducted these reviews and issued reports and recommendations to Director Brown sustaining the terminations of plaintiffs.  Subsequently, on December 14, 2007, final notices of termination were issued and informed plaintiffs that they would be terminated effective December 17, 2007.  Accordingly, if this Court denies plaintiffs' motion the terminations will become effective and plaintiffs will have the right to appeal the final decision through the established procedures.  Article 11, Section 2 of the CBA, provides the available avenues for challenging terminations either through the negotiated grievance and arbitration procedures under Article 10 or through the appeals procedures of the D.C. Office of Employee Appeals (OEA).

 At this juncture, plaintiffs have neither chosen to filed a grievance under the collective bargaining agreement nor appeal their terminations to OEA.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the
        District of Columbia

        GEORGE VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/NICOLE L. LYNCH/s/_____
        NICOLE L. LYNCH [471953]
        Chief Civil Litigation Division Section II

        /s/David A. Jackson/s/_____

DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

4